

JS-6

FILED
CLERK, U.S. DISTRICT COURT

DEC 15 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ACOSTA, CARLOS AMAYA, JR., RUBEN J. AMAYA, OSCAR R. BARRIOS, JASON BURNETT, JAVIER DE LA TORRE, ISMAEL MARTINEZ, ALONSO MIRAMONTES, DAMIEN J. MIRAMONTES and JUAN MONTUFAR, on behalf of themselves and other members of the general public similarly situated, Plaintiffs<br><br>v.<br><br>TEXWOOD INDUSTRIES, L.P., TEXWOOD INDUSTRIES, INC., QUALITY CABINETS, INC., QUALITY CABINETS, QUALITY CABINETS-SOUTHERN CALIFORNIA, QUALITY CABINETS-NORTHERN CALIFORNIA, and DOES 1 through 100, Inclusive, Defendants. | Case No. CV07-3237-DDP (PLAX)<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER ON FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE<br><br>[CLASS ACTION]<br><br>Date: December 14, 2009<br>Time: 10:00 a.m.<br>Crtm: 3<br>Judge: Hon. Dean D. Pregerson |

---

1

Order of Final Judgment and Dismissal With Prejudice
Firmwide:93039844.2 021950.1102

On December 14, 2009, a hearing was held on the motion of plaintiffs Mario Acosta, Carlos Amaya, Jr., Ruben J. Amaya, Oscar R. Barrios, Jason Burnett, Javier De La Torre, Ismael Martinez, Alonso Miramontes, Damien J. Miramontes and Juan Montufar for final approval of their class action settlement (the "Settlement") with defendants TEXWOOD INDUSTRIES, L.P., TEXWOOD INDUSTRIES, INC., QUALITY CABINETS, INC., QUALITY CABINETS, QUALITY CABINETS-SOUTHERN CALIFORNIA, QUALITY CABINETS-NORTHERN CALIFORNIA, and DOES 1 through 100 ("Texwood") and payments to the Labor and Workforce Development Agency and the Settlement Administrator. Dennis F. Moss of Spiro Moss LLP appeared for plaintiffs; and Elizabeth Staggs-Wilson of Littler Mendelson appeared for Defendants.

The parties have submitted their Settlement, which this Court preliminarily approved. In accordance with the preliminary approval order, class members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions. Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the preliminary approval hearing held on April 20, 2009, and the final approval hearing on December 14, 2009, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.  Pursuant to this Court's order, a Notice of Class Action Settlement and Final Fairness and Approval Hearing and a Claim Form were sent to each class member by first-class mail. These papers informed class members of the terms of the Settlement, their right to receive a Settlement Share by submitting a Claim for Settlement Share, their right to comment on or object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard

regarding approval of the Settlement. In accordance with 28 U.S.C. § 1715, more than 90 days have passed since both the class members and Federal and appropriate State officials were served with the notice required under 28 U.S.C. § 1715. Adequate periods of time were provided to class members to exercise the rights provided by the Settlement. No class members filed written objections to the proposed settlement as part of this notice process and none stated an intent to appear at the final approval hearing.

2. The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of class members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

3. For the reasons stated in the Court's preliminary approval order, the Court finds and determines that the proposed Settlement Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

4. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each class member and that the class members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5. The Court finds and determines that the Settlement Shares to be paid to the Participating Class Members by Defendants as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and

orders the payment of those amounts be made to the Participating Class Members out of the Gross Settlement Amount in accordance with the Settlement.

6.   The Court finds and determines that payment to the California Labor and Workforce Development Agency of $5,000 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders that the payment of that amount be paid in accordance with the Settlement.

7.   The Court finds and determines that the fees and expenses of Simpluris in administrating the settlement, in the amount of $11,500, are fair and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be paid in accordance with the Settlement.

8.   The Court finds and determines that the enhancement payments of $5,000 to each class representative (each of the named plaintiffs), for a total of $50,000 is fair and reasonable.

9.   The Court awards Plaintiffs costs in the amount of $9,371.

10.  The Court awards Plaintiffs attorney's fees in the amount of $351,200.

11.  The Court orders that fifty percent of the Unallocated Costs (as defined in the Stipulation Regarding Distribution of Unallocated Claims Administration Fees (the "Stipulation") filed concurrently herewith) in the amount of $20,064.04 revert back to Defendants and the remaining fifty percent of the Unallocated Costs in the amount of $20,064.04 be distributed to members of the Settlement Class who filed valid claims on a pro-rata basis in accordance with the Stipulation.

12.  The Settlement Administrator is hereby directed to make the payments provided herein in accordance with the procedures set forth in the Settlement and paragraph 11 above

13.     Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

14.     Nothing in this order shall preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Defendants make payments to the all individuals who performed work as installers of cabinets or cabinet service technician work in California, whether classified as employees or independent contractors of DEFENDANTS at any time between February 20, 2003 and the preliminary approval in accordance with the Settlement.

15.     Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

16.     Pursuant to the Settlement, all individuals who performed work as installers of cabinets or cabinet service technician work in California, whether classified as employees or independent contractors of DEFENDANTS at any time between February 20, 2003 and the preliminary approval of this Settlement are permanently barred from prosecuting against Defendants and others released persons and entities pursuant to the terms of the Settlement, any of the claims released by them under the Settlement.

17.     The parties are hereby ordered to comply with the terms of the Settlement.

//

//

//

//

//

18.   This action is hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

Dated: 12-15, 2009.

_____
Dean D. Pregerson
District Court Judge